# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      Plaintiff,

v.                             **Case No. 06-CR-56**

KENYOUNTA HARVESTER et. al.,

      Defendants.

---

## ORDER ON DEFENDANTS' REQUESTS FOR EVIDENTIARY HEARINGS

On March 3, 2006, the nine defendants, Kenyounta Harvester, Chantell Lockett, Larry Harvester, Angela Bissonnette, Marquis Davis, Joseph Johnson, Nina Simmons, Rafael Rodriguez, and Raul Aguirre-Alvarado, were charged in a criminal complaint with conspiracy to distribute more than five kilograms of cocaine in violation of Title 21, United States Code, Sections 846, 841(a)(1), and 841(b) and Title 18, United States Code, Section 2. On March 14, 2006, the grand jury returned a single count indictment alleging the same offenses as were alleged in the criminal complaint. Included in the indictment was a notice of forfeiture pursuant to Title 21 United States Code, Section 853.

The case was referred to this court from the Honorable Charles N. Clevert, Jr., for all pretrial processing. On May 10, 2006, this court ordered all non-Title III motions to be filed by July 10, 2006 with the government's response due July 31, 2006 and defense replies due August 7,

-1-

2006. Due to this case's designation as complex, final pretrial and trial dates have not yet been scheduled.

On July 7, 2006, Rafael Rodriguez filed a motion seeking to suppress the fruits of a search conducted after a traffic stop in the 7400 block of North 76th Street, Milwaukee, Wisconsin on March 2, 2006. Rodriguez requested an evidentiary hearing.

On July 10, 2006, Raul Aguirre-Alvarado filed a motion alleging that following a traffic stop in the 7400 block of North 76th Street, Milwaukee, Wisconsin, on March 2, 2006, he was subjected to custodial interrogation but was not advised of his Miranda rights. Additionally, Aguirre-Alvarado, who was a passenger in the vehicle being driven by Rafael Rodriguez, also alleges that it was stopped without probable cause and further searched without probable cause or a warrant. Aguirre-Alvarado estimates that this hearing will take four to six hours of court time.

On July 8, 2006, Angela Bissonnette filed a motion alleging that she was arrested without a warrant or probable cause and therefore seeks suppression of evidence that was obtained from a search of her residence, specifically six Glock firearm boxes. Bissonnette seeks an evidentiary hearing on this motion.

It is well established, however, that defendants are not entitled to evidentiary hearings as a matter of course. United States v. Coleman, 149 F.3d 674, 677 (7th Cir. 1998). Instead, evidentiary hearings are warranted only when the defendant's allegations are definite, non-conjectural, and detailed enough to enable the court to conclude that a substantial claim is presented and that there are disputed issues of material fact that will affect the outcome of the motion. Id. (citing United States v. Rollins, 862 F.2d 1282 (7th Cir. 1988)).

Both Rodriguez and Aguirre-Alvarado have satisfied this requirement. They have established a need for a hearing on their identical motions challenging the stop and search of the vehicle, and Aguirre-Alvarado has established a need for a hearing on his motion to suppress statements.

On the other hand, Bissonnette has failed to establish a need for an evidentiary hearing. In her motion, Bissonnette expressly contradicts any claim that the firearm boxes were seized as a consequence of her arrest. Rather, in the statement of agreed facts, Bissonnette states that she consented to the search of her residence which resulted in the seizure of the Glock handgun boxes. It was only after the boxes were discovered that Bissonnette was arrested. Bissonnette may dispute that the officers had probable cause to arrest her, but that is of no moment. The fact is that she was subsequently indicted by the grand jury. Therefore, any alleged lack of probable cause for her arrest is only material if it resulted in fruits of the alleged illegal arrest that might be subject to a motion to suppress, such as an incriminating statement.

Therefore, even assuming that Bissonnette's arrest was without probable cause, she is not entitled to the relief request because the six Glock firearm boxes were not discovered as a result of the arrest. Her request for an evidentiary hearing will be denied.

**IT IS THEREFORE ORDERED** that Rodriguez's and Aguirre-Alvarado's motions for an evidentiary hearing are **granted**. Due to the factual interrelation of the issues raised in the defendants' motions, regarding the traffic stop, a joint evidentiary hearing shall commence on **August 15, 2006** at **9:00 A.M**. in Courtroom 254, United States Courthouse, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin. It will be followed by the hearing on the motion to suppress statements.

-3-

**IT IS FURTHER ORDERED** that Bissonnette's motion for an evidentiary hearing is **denied**.

Dated at Milwaukee, Wisconsin, this <u>17th</u> day of July, 2006.

<u>s/AARON E. GOODSTEIN</u>
United States Magistrate Judge